**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4058**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICKEL L. MARZOUK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:15-cr-00052-MHL-1)

Submitted:  September 3, 2019                    Decided:  September 11, 2019

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy Austin, LAW OFFICE OF AMY L. AUSTIN, PLLC, Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mickel L. Marzouk pled guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012), and aiding and abetting in those crimes, in violation of 18 U.S.C. § 2 (2012). On appeal, Marzouk argues that Hobbs Act robbery, the offense underlying his § 924(c) convictions, does not qualify as a crime of violence. Finding no error, we affirm.

"We review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). A crime of violence for § 924(c) purposes is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or
>
> (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3).

We previously declared that § 924(c)'s residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir. 2019) (en banc), *pet. for cert. filed*, 87 U.S.L.W. 3427 (U.S. Apr. 24, 2019) (No. 18-1338); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). However, we recently held that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(A). *Mathis*, 932 F.3d at 265-66. Accordingly, the district court did not err in rejecting Marzouk's arguments to the contrary.

We affirm the district court's judgment. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*